NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL J. STARANOWICZ,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2012-3197

---

Appeal from the Merit Systems Protection Board in No. PH0752110383-C-1.

---

Decided: January 17, 2013

---

MICHAEL J. STARANOWICZ, of Philadelphia, Pennsylvania, pro se.

ROBERT C. BIGLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVISON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before DYK, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Michael J. Staranowicz appeals from a final decision of the Merit Systems Protection Board (Board). *Staranowicz v. Dep't of the Treasury*, No. PH-0752-11-0383-C-1 (M.S.P.B. July 5, 2012). The Board held that the Department of the Treasury (the Agency) complied with the terms of a settlement agreement that the parties entered into following Mr. Staranowicz's challenge to his removal from his position at the Agency. The Board further held that Mr. Staranowicz's challenge to the agreement's validity was barred by *res judicata*. For the reasons discussed below, we <u>affirm</u>.

## BACKGROUND

In December 2009, the Agency removed Mr. Staranowicz from his position as a Clerk. In response, Mr. Staranowicz filed a formal complaint alleging discrimination. After the Agency issued a final decision finding no discrimination, Mr. Staranowicz filed an appeal with the Board.

Shortly thereafter, the parties entered into a written settlement agreement, which they submitted to the Board to be entered into the record for enforcement. Under the agreement, Mr. Staranowicz was to receive $5,590 in compensatory damages and his counsel was to receive $8,410 in fees. In return, Mr. Staranowicz agreed to withdraw his discrimination complaint and any pending grievances or appeals before the Board, including his appeal of his removal. Because the parties' settlement agreement resolved the case, an Administrative Judge (AJ) dismissed Mr. Staranowicz's appeal of his removal (Removal Decision).

Mr. Staranowicz filed a petition for review of the Removal Decision, which he subsequently withdrew. In the interests of thoroughness, the Board treated Mr. Staranowicz's filing not only as a petition for review of the Removal Decision, but also as a timely filed petition for enforcement of the settlement agreement. Thus, although the Board dismissed with prejudice Mr. Staranowicz's withdrawn challenge to the Removal Decision, the Board also docketed Mr. Staranowicz's enforcement allegations as a separate petition.

The AJ denied the petition for enforcement because Mr. Staranowicz failed to point to any term of the settlement agreement with which the Agency did not comply (Compliance Decision). The AJ observed that Mr. Staranowicz did not appear to be arguing that the Agency failed to comply with the agreement, but rather that the agreement was invalid because he did not sign it voluntarily. The AJ explained that arguments regarding the agreement's validity cannot be adjudicated as part of a petition for enforcement because they do not relate to whether the Agency complied with the settlement agreement. The AJ noted that the proper way to challenge the agreement's validity would be via a petition for review of the Removal Decision, i.e., the petition for review that Mr. Staranowicz filed but then withdrew.

Mr. Staranowicz filed a petition for review of the Compliance Decision. The Board upheld the AJ's conclusion that the Agency complied with the settlement agreement. The Board further held that Mr. Staranowicz's challenge to the validity of the agreement is barred by *res judicata* because the Board dismissed with prejudice his earlier petition for review in which he raised the issue. Mr. Staranowicz now appeals from the Board's order affirming the Compliance Decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

Our authority to review the Board's decision is circumscribed by statute. Specifically, we must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Staranowicz raises two arguments on appeal. First, he argues that the Board's decision was not supported by substantial evidence. Pet'r's Informal Br. 1. He contends, for example, that certain evidence was deleted and thus not considered. *Id.* Second, Mr. Staranowicz disputes the validity of the settlement agreement. Specifically, he argues that he signed it only because he "was pressured, intimidated or threatened" to do so. *Id.*

We conclude that Mr. Staranowicz's arguments fail to show any error by the Board regarding the Agency's compliance with the settlement agreement. Mr. Staranowicz points to no term of the settlement with which the Agency did not comply. Regardless, the record evidence shows that the Agency mailed checks in the correct amount to both Mr. Staranowicz and his counsel in accordance with the agreement. We therefore hold that substantial evidence supports the Board's conclusion that the Agency complied with the terms of the settlement agreement.

We further hold that the Board correctly concluded that *res judicata* bars Mr. Staranowicz's challenge to the settlement agreement's validity. Mr. Staranowicz filed a petition for review of the AJ's Removal Decision, but subsequently withdrew the petition. As a result, the Board dismissed his petition with prejudice to refiling. The Board is correct that this precludes Mr. Staranowicz

from challenging the agreement's validity, at least in circumstances where, as here, the grounds for setting aside the agreement were known at the time of the original petition for review.

We have considered Mr. Staranowicz's arguments on appeal and find them to be without merit. Because he has not shown that the Board's decision was arbitrary or capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law, we affirm.

## AFFIRMED

### COSTS

No costs.